THESE were cross appeals from the decree of the Register of wills for Sussex county.
On a review of the will of Caleb Ross and an issue of "devisavit *Page 102 
vel non" tried and found for the will, the register charged all the costs of the issue on the estate, though there was no good ground for impeaching the will; and allowed the executor only $300, for fees paid counsel for defending the will, though he had paid $900.
Both sides appealed from this decree.
Cullen and Ridgely, for the executor. — The personal estate was about $65,000, and the real estate much larger than this. The executor was bound to defend the will, though such defence was against his own interest; and he paid for this $900, which was the fee to three counsel; $300 for each. The defence was successful; yet, the register refused to allow the executor any more than $300.
We complain also, that the register charged all the costs of the trial on the estate, though the objections to the will were so frivolous, that the jury rendered a verdict without leaving the bar.
In the case of Chandler's will (N. C. C.) though the will was set aside, the court allowed the executor all his expenses, including counsel fees in defending the will. The petition for a review never discloses the ground of objection to the will. Hence the counsel for defence have to prepare themselves on all possible grounds. (2 Ecc.Rep. 95, 424, a party questions a will at the peril of costs; 3Ibid 147; 4 Ibid 197.)
Houston, contra. — We object to the allowance by the register of even the $300 to counsel. There is no ground for the allegation that Wm. Ross, the executor, had no interest to defend the will. He defended the suit because he got the best share under the will. The objections taken to this will were not frivolous. They were sincere, and in our judgment at the time sufficient. Chandler's case was well calculated to give us that impression. The distinction made by the court between that case and this, though substantial, was refined. It is enough for us to say, that we in good faith counselled the reviewers that the objections existing against this will would be fatal to it; and in a full argument running through two days, we tried to sustain this opinion. The review need not have put the counsel for the executor to a preparation on the whole law. The ground was well understood.
It is a dangerous precedent to allow an executor to expend what he pleases out of the estate in defence of a will. And this, when he was acting not merely as executor, but as the devisee chiefly interested. The principle of the ecclesiastical courts that a caveator questions the will at his peril of costs, is not a principle of the law of *Page 103 
Delaware. The universal practice here has been to charge the costs on the estate, and then all the parties interested pay their share. Having sufficient apparent ground to question this will, we ought to he allowed costs. We pay our own counsel. We concede that the other side shall have their costs, but we ought not to contribute to pay their counsel for defeating us. If their counsel fees shall be charged on the estate, why should not ours? The court has never gone so far as to decide that where the executor defends not merely as executor, but as devisee and party most interested, that he shall have not only costs, but his counsel paid out of the estate.
Bates, in reply. — 1st. Is William Ross, the executor, to be allowed the reasonable fees paid counsel for defending the will of his father against the fruitless attack of those who now object to the allowance of these fees?
The principle is no new one that a trustee shall be allowed his reasonable expenses in defending the trust. What is this case? The richest man in Sussex dies leaving a splendid fortune among his children, in a most reasonable mode, securing to the daughters a portion of their fortune beyond the danger of accident or misfortune of their husbands. The husbands, not liking this, cast about and find what they deem a small flaw in the will, and set about breaking it down. Was the executor bound to defend the will, or was he not? And if he was bound, must he not have the means of employing counsel? The decisions have established this as the law. (2 Harr. Rep. 125,Davis vs. Walker's adm'r.; 2 Ibid 375, Duffield vs.Morris' ex'r.; 1 Ibid 454, Chandler et al. vs.Ferris; 3 Ibid 217, Bayard vs. McLane.)
Is this allowance unreasonable? The estate $150,000. The testator gave each son in law $16,000, and tied up an equal fund for their wives. The sons in law on a frivolous reason, sought to set aside the whole will; so frivolous that we, not believing this to be the true ground of the objection, were compelled to look into the whole range of the law of wills. Who pays? Caleb Ross made a will which he meant should be his will, and he left ample funds to defend it. Should not the estate defend the will? If not, who will? Establish, as it has been established, that the estate shall pay the costs of impeaching the will, and that the executor shall not have the means, out of the estate, to defend it, and what becomes of wills? Wm. Ross defended solely as executor. His interest in the estate would have been no less; nay, it would have been more, if the will *Page 104 
had been set aside. He then defended the will as a trustee defending the trust, and the fund ought to pay for the defence.
But who ought to pay the costs of the reviewers? That depends on the reasonableness of their course in contesting the will. They had nothing to complain against the equity of the provisions of the will. The legal ground of objection to it was frivolous. In the case of William Masten's estate, the court disallowed the costs of the review.
By the Court.
The contest in reference to this will was so general on the issue of devisavit vel non, that the case had to be prepared on every ground. It was defended by three counsel, who were paid by the executor three hundred dollars each for this defence. We do not consider this an unreasonable fee, considering the magnitude of the contest, and the necessary preparation for, and labor in the defence.
Where the heir at law contests a will on reasonable grounds, he ought not to be charged with the costs, though he fail. A trustee is bound to defend his trust, and ought to be allowed all the reasonable charges, as well as costs, in making such defence. The executor was bound to defend this will as executor. Whether interested or not as devisee, he had a plain duty as executor, and he must be allowed the means of making that defence effectual. The only question then is, whether the fees paid by the executor in this case are reasonable. This can only be judged of by reference to the case in hand — the questions raised by the pleadings, or which will admit of being raised, and the usual compensation for professional services. By these tests we consider the compensation paid in this case reasonable.
The decree of the register is, therefore, corrected as to the fee paid counsel. Decree affirmed as to the reviewer's costs. We did not think the review taken on merely frivolous grounds, though it failed.